**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ORTEGA,<br> *Petitioner*,<br><br> v.<br><br> ERIC H. HOLDER, JR., Attorney General,<br> *Respondent*. | No. 10-71084<br><br> Agency No.<br> A091-027-066<br><br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 10, 2014—Pasadena, California

Filed March 31, 2014

Before: Jerome Farris, N. Randy Smith, and Paul J.
Watford, Circuit Judges.

Opinion by Judge Farris

# SUMMARY[*]

## Immigration

The panel denied Jose Ortega's petition for review of the Department of Homeland Security's reinstatement pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 of his prior order of removal.

The panel held that application to Ortega of the reinstatement statute was not impermissibly retroactive, because he had taken no action to vest any right he may have initially had to renew his application for adjustment of status.

## COUNSEL

Eric Bjotvedt (argued), Phoenix, Arizona, for Petitioner.

Manuel A. Palau (argued), Tony West, Erica B. Miles, and Aric A. Anderson, United States Department of Justice, Washington D.C., for Respondent.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

FARRIS, Circuit Judge:

Petitioner Jose Ortega is a native and citizen of Mexico who illegally entered the United States on or about August 14, 1984. On August 21, 1984, he was ordered deported to Mexico and returned there, but he re-entered the United States on August 25, 1984. In December 1984, he fraudulently married a U.S. citizen so as to obtain immigration relief, and he applied to adjust his status to that of a lawful permanent resident after his spouse filed an I-130 petition. Before the application was acted on, the citizen-spouse withdrew her I-130 petition and admitted that the marriage was a fraud. Ortega's application was accordingly denied in 1987. Ortega continued to remain illegally in the U.S. until December 1, 2009, at which point his 1984 deportation order was reinstated.

During this time, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 took effect (on April 1, 1997). Pub. L. No. 104–208, div. C, 110 Stat. 3009-546. The Act changed the law regarding reinstatements of deportation or removal orders: it expanded the class of aliens eligible for reinstatement and eliminated nearly all forms of relief from the process. 8 U.S.C. § 1231(a)(5) ("the alien is not eligible and may not apply for any relief under this chapter"); *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 34 (2006); *see also Arevalo v. Ashcroft*, 344 F.3d 1, 5 (1st Cir. 2003) (enumerating differences between pre- and post-IIRIRA reinstatement provisions).

Ortega now challenges the reinstatement of his removal order under the Act as an impermissibly retroactive

application of a statute. Specifically, he argues that the Act cannot retroactively eliminate his right to *renew* his application for relief from reinstatement. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). The retroactive applicability of statutes is reviewed de novo. *Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1326 (9th Cir. 2006).

When, as here, Congress has not spoken explicitly with respect to a statute's temporal reach, we analyze retroactivity claims by assessing whether the application would (1) create "new consequences [for] past acts" or (2) "cancel[] vested rights." *Fernandez-Vargas*, 548 U.S. at 44 n.10. The propriety of retroactively applying 8 U.S.C. § 1231(a)(5) has been directly addressed by both the Supreme Court and the Ninth Circuit. In *Fernandez-Vargas*, 548 U.S. at 37, the Supreme Court held that the provision did not create new consequences for past acts when applied to continuing violators of immigration laws. We addressed the Act's effect on the cancellation of vested rights in *Ixcot v. Holder*, 646 F.3d 1202 (9th Cir. 2011). There, an alien's pending pre-Act application for relief prevented the retroactive application of the new reinstatement provisions. *Id.* at 1212. Unlike the alien in *Fernandez-Vargas*, the alien in *Ixcot* affirmatively took pre-enactment action so as to change his legal status, and his expectation of relief therefore became a "vested" right that could not be "impair[ed]." *Id.* at 1213.

Whether a right has "vested" is primarily determined by an individual's *actions*—the inquiry looks to whether a person has "availed" himself of the right, or "took action that enhanced [its] significance to him in particular." *Fernandez-Vargas*, 548 U.S. at 44 n.10. This requirement is animated by the underlying justification for the presumption against

retroactivity: individuals must be able to guide their conduct in the context of a system that respects "fair notice, reasonable reliance, and settled expectations." *I.N.S. v. St. Cyr*, 533 U.S. 289, 316, 321 (2001). Still, any action taken must "elevate [the expectation] above the level of hope," and therefore actions that do little to substantially further the individual's expectation of relief are insufficient to create a vested right. *Fernandez-Vargas*, 548 U.S. at 44 n.10.

Ortega's retroactivity argument fails, as he has taken no action to vest any right he may have initially had. Ortega's initial application for adjustment of status was denied on the merits in 1987. Ten years would pass until the Act would become effective, but during this decade Ortega did nothing to renew his application—for example, he did not re-marry another citizen or re-acquire an I-130 from his initial spouse, nor did he ever re-apply for adjustment of status. The Supreme Court explicitly stated that the right to *initially* apply for adjustment of status was not vested unless the alien took action to elevate it "above the level of hope." *Id*. The same must be true, then, of the right to *renew* an application for adjustment, and like the alien in *Fernandez-Vargas*, Ortega did nothing before the Act's effective date. *Id*. There was no pending application at the time the law came into effect, as in *Ixcot*, 646 F.3d at 1213. Ortega had no vested right. The petition is **DENIED**.