The panel has granted the petition for panel rehearing. The opinion filed on September 14, 2017, and previously withdrawn, is amended, and the amended opinion is filed.
With these amendments, Judge Wardlaw votes to deny the petition for rehearing en banc, and Judges Kleinfeld and Peterson so recommend. The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.
The petition for rehearing en banc is DENIED .
IT IS SO ORDERED.
PETERSON, District Judge:
*481 Petitioner Jose Antonio Cornejo-Villagrana ("Cornejo") disputes that he is removable as a resident alien who committed a crime of domestic violence under the Immigration and Nationality Act ("INA") § 237(a)(2)(E), 8 U.S.C. § 1227(a)(2)(E).
Cornejo was convicted of misdemeanor domestic violence assault against his spouse under Arizona Revised Statutes ("Ariz. Rev. Stat.") §§ 13-1203 and 13-3601. The Board of Immigration Appeals ("BIA") adopted the Immigration Judge's ("IJ") reasoning that Petitioner was removable, finding that although categorically not a crime of violence, Cornejo's offense fit the federal generic definition of "crime of domestic violence" under the modified categorical approach.
We agree that Petitioner is removable on the basis of his class one misdemeanor domestic violence assault conviction under Arizona law.
I. FACTS AND PROCEDURAL HISTORY
Cornejo, a native and citizen of Mexico, entered the United States without inspection in 1994. On January 30, 2008, he adjusted his status to lawful permanent resident. On October 3, 2008, Cornejo pleaded guilty to "Assault-Domestic Violence Offense," a "Class 1 Misdemeanor" under Arizona law.
Cornejo had been charged with Aggravated Assault, a "Class 6 Felony and a Domestic Violence Offense," committed by knowingly touching his spouse "with the intent to injure, insult, or provoke" while "in violation of an order of protection...." However, Petitioner entered a guilty plea to "Count 2 (Amended) Assault, a Domestic Violence Offense Class 1 misdemeanor." There is no amended complaint in the administrative record.
In the plea transcript, Cornejo's defense attorney on his behalf stated as the factual basis for the plea that he and his wife were fighting, and that as she was "going down the hallway," he "either punched or pushed her in the back of the head ... with the intention to insult or provoke her...." The superior court judge found that the factual basis supported Cornejo's admission to the class one misdemeanor domestic violence charge and accepted the plea. The superior court imposed a 12-month term of probation.
In December 2008, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear, Form I-862 ("NTA"), in the Immigration Court in Eloy, Arizona. DHS alleged that Petitioner was removable under the INA as an alien who had committed a crime of domestic violence. 8 U.S.C. § 1227(a)(2)(E)(i). The NTA alleged that Cornejo was convicted of "a class 1 misdemeanor" domestic violence assault against his spouse, making him *482 removable under INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i).
The IJ initially terminated Petitioner's removal proceedings. DHS moved the BIA to remand the matter to the IJ, seeking an opportunity to provide the plea transcript that the agency had secured after the initial proceedings were terminated. The BIA granted the motion and remanded to the IJ in December 2010. In August 2012, the IJ determined that Cornejo's conviction qualified as a crime of domestic violence under the modified categorical approach and sustained the charge of removability.
On appeal, the BIA affirmed the IJ's determination that Cornejo was removable based on a crime of domestic violence and ineligible because of insufficient continuous presence for cancellation of removal pursuant to INA § 240A(a), 8 U.S.C. § 1229b(a). Cornejo timely petitioned for review. See 8 U.S.C. § 1252(b)(1).
II. JURISDICTION AND STANDARD OF REVIEW
We have jurisdiction pursuant to 8 U.S.C. § 1252. We review questions of law de novo. See, e.g. , Ortega v. Holder , 747 F.3d 1133, 1134 (9th Cir. 2014). The IJ's or BIA's factual findings are reviewed for substantial evidence. See, e.g. , Quijada-Aguilar v. Lynch , 799 F.3d 1303, 1305 (9th Cir. 2015). With respect to the issue of removability, the BIA cited to Matter of Burbano , 20 I. & N. Dec. 872 (BIA 1994), and adopted and affirmed the IJ's decision in its entirety, so we review the IJ's decision directly. See Tamang v. Holder , 598 F.3d 1083, 1088 (9th Cir. 2010). Because the BIA did not cite Burbano in affirming the IJ's determinations regarding any other issues, we review the BIA's decision with respect to Cornejo's eligibility for voluntary departure. See Mutuku v. Holder , 600 F.3d 1210, 1212 (9th Cir. 2010).
III. ANALYSIS
"Any alien who at any time after admission is convicted of a crime of domestic violence" may be deported. 8 U.S.C. § 1227(a)(2)(E)(i). For purposes of that ground of deportability, a "crime of domestic violence" is "any crime of violence (as defined in section 16 of title 18, United States Code ) against a person" who has one or more of the enumerated domestic relationships with the perpetrator, including being the perpetrator's spouse. Id. For a misdemeanor to qualify as a crime of violence under 18 U.S.C. § 16, the offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another...." 18 U.S.C. § 16(a).
a. Categorical Analysis and Divisibility
Cornejo argues that his misdemeanor assault conviction does not support removability as a crime of domestic violence because it was not "violent in nature," citing Ye v. INS , 214 F.3d 1128 (9th Cir. 2000) (holding that the force necessary to constitute a crime of violence under 18 U.S.C. § 16(b) must be violent in nature). Moreover, Cornejo argues that his crime of conviction is overbroad as to 18 U.S.C. § 16.
Under the categorical approach prescribed by Taylor v. United States , 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we must determine whether Ariz. Rev. Stat. § 13-1203 necessarily requires as an element "the use, attempted use, or the threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). We must consider whether the elements of the state offense align with, are narrower than, or are broader than the federal generic crime of domestic violence. See Rendon v. Holder , 764 F.3d 1077, 1082 (9th Cir. 2012). To *483 accomplish that task, we look to the text of the state statute and to interpretations of the statute's terms by the state's courts. United States v. Strickland , 860 F.3d 1224, 1226-27 (9th Cir. 2017).
In Arizona, a person may commit misdemeanor assault by:
1. Intentionally, knowingly or recklessly causing any physical injury to another person; or
2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or
3. Knowingly touching another person with the intent to injure, insult or provoke such person.
Ariz. Rev. Stat. § 13-1203(A). Subsection (A) must be read in conjunction with subsection (B), which says:
Assault committed intentionally or knowingly pursuant to subsection A, paragraph 1 is a class 1 misdemeanor. Assault committed recklessly pursuant to subsection A, paragraph 1 or assault pursuant to subsection A, paragraph 2 is a class 2 misdemeanor. Assault committed pursuant to subsection A, paragraph 3 is a class 3 misdemeanor.
Id. at § 13-1203(B).
Paragraph one contains two classes of misdemeanors: (1) a class one misdemeanor committed intentionally or knowingly; and (2) a class two misdemeanor committed recklessly. Id . Paragraph two defines only a class two misdemeanor. Id. Paragraph three contains only a class three misdemeanor. Id .
Arizona law defines "intentionally" and "knowingly" as follows:
(a) "Intentionally" or "with the intent to" means, with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result or to engage in that conduct.
(b) "Knowingly" means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission.
Id. at § 13-105(10)(a), (b). Arizona law defines "physical injury" as "impairment of physical condition." Id. at § 13-105(33).
Petitioner was convicted of an assault in a domestic violence context because the victim was his spouse. The domestic relationships enumerated under Arizona's domestic violence provision, Ariz. Rev. Stat. § 13-3601(A), are coextensive with the domestic relationships described in 8 U.S.C. § 1227(a)(2)(E)(i), the removal statute at issue.
Arizona state courts view § 13-1203 as containing distinct offenses. See State v. Freeney , 223 Ariz. 110, 113, 219 P.3d 1039 (2009) (en banc) (finding that the elements of an offense under subsection (A)(2) materially differ from those of an offense under subsection (A)(1), resulting in separate crimes within the same statute); State v. Waller , 235 Ariz. 479, 488, 333 P.3d 806 (App. 2014) ("The three types of assault are distinct offenses with different elements, not merely different manners of committing the same offense."); In re Jeremiah T ., 212 Ariz. 30, 34, 126 P.3d 177 (App. 2006) (holding that assault under subsection (A)(3) is not a lesser-included offense of assault under subsection (A)(1) ). Therefore, as we previously have concluded, Ariz. Rev. Stat. § 13-1203 is divisible. See United States v. Cabrera-Perez , 751 F.3d 1000, 1004-05 (9th Cir. 2014).
b. Modified Categorical Analysis
Throughout the administrative proceedings in this matter, Cornejo conceded *484 that his crime of conviction was a class one misdemeanor. Only one offense constitutes a class one misdemeanor under § 13-1203, intentionally or knowingly "causing any physical injury to another person." Ariz. Rev. Stat. § 13-1203(A)(1). However, Cornejo now argues that his record of conviction is inconclusive, and so we proceed under a modified categorical approach.
Under the modified categorical approach, we confine our inquiry to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States , 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). The plea colloquy, the order accepting the plea agreement, and the sentencing order unambiguously state that Cornejo pleaded guilty to a class one misdemeanor domestic violence assault.
We acknowledge that the superior court judge and Cornejo's defense counsel used the phrase, "with the intention to insult or provoke" that tracks the offense set forth in paragraph three of Ariz. Rev. Stat. § 13-1203(A). However, Cornejo pleaded guilty to a class one misdemeanor. The only class one misdemeanor in that statute is in paragraph one and requires that a person intentionally or knowingly cause physical injury to another person. Ariz. Rev. Stat. § 13-1203(A)(1). Moreover, Cornejo admitted that he acted "with the intention to insult or provoke" his wife, and that he "either punched or pushed" his wife in the back of the head. See also id . at § 13-1203(A)(3), (B) (defining the class 3 misdemeanor as "[k]nowingly touching another person with the intent to injure, insult or provoke such person"). These admissions form a sufficient factual basis to support that Cornejo "intentionally [or] knowingly ... caus[ed] any physical injury" to his spouse. See id . at § 13-1203(A)(1).
Cornejo argues that the factual basis of the plea shows that he did not intend to use violent force because his intention was to insult or provoke his wife, which follows the language of Ariz. Rev. Stat. § 13-1203(A)(3). Subsection (B) of the Arizona statute requires us to reject this argument. That subsection says in relevant part: "Assault committed intentionally or knowingly pursuant to subsection A, paragraph 1 is a class 1 misdemeanor. Assault committed recklessly pursuant to subsection A, paragraph 1 ... is a class 2 misdemeanor" not a class 1 misdemeanor. Thus Cornejo's plea to a class 1 misdemeanor, as well as his admission at his plea colloquy, establishes that he committed the assault intentionally, not recklessly. We therefore need not address any putative tension between Fernandez-Ruiz v. Gonzales and Voisine v. United States , regarding the sufficiency of recklessness in this statutory context for a crime of violence. And he necessarily admitted "causing physical injury," because subsection (A)(1), to which he pleaded requires physical injury as an element. Since Cornejo does not dispute that the crime was domestic, that he assaulted his wife intentionally, and that she was injured by his assault, the misdemeanor was a crime of domestic violence. The statute is plainly divisible on its face, and the Arizona courts have so held,[1] so application of this modified categorical analysis is appropriate, even though other assaults under section 1203 would not be crimes of violence.
*485 Moreover, Cornejo's attempt to have us review the underlying facts for his conviction goes beyond the scope of the modified categorical approach. In Descamps v. United States , the Supreme Court admonished courts for using the modified categorical approach to "try to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct." 570 U.S. 254, 133 S.Ct. 2276, 2288, 186 L.Ed.2d 438 (2013). The Court explained, "Our modified categorical approach merely assists the sentencing court in identifying the defendant's crime of conviction." Id.
Based on the Shepard documents, we know that Cornejo was convicted of a class one misdemeanor for assault, which means he intentionally or knowingly caused physical injury to his wife. If Cornejo wanted to argue that the sentencing court had erred in finding a factual basis for his plea, he could have done so on direct appeal in state court.
c. Comparison of Crime of Conviction with Federal Generic Offense
To determine whether a state court conviction is coextensive with the federal generic "crime of domestic violence," we look to state law to determine the nature of a prior state conviction and to federal law to interpret the federal statute. United States v. Flores-Cordero , 723 F.3d 1085, 1087 (9th Cir. 2013) (citing Johnson v. United States , 559 U.S. 133, 138, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) ). The Arizona statute refers to "physical injury," but does not include the word "force." Ariz. Rev. Stat. § 13-1203(A)(1). But the Arizona Supreme Court has determined that "physical injury" may be used interchangeably with "physical force." State v. Gordon , 120 Ariz. 172, 174, 584 P.2d 1163 (1978) (en banc) (citing State v. Dillon , 26 Ariz.App. 220, 222, 547 P.2d 491 (1976) ).
Petitioner relies upon dicta in a state intermediate appellate court decision to argue that Arizona law does not require force at all. In that case the court used a hypothetical to illustrate its point that Ariz. Rev. Stat. § 13-1203(A)(1)"can be accomplished without any touching at all-as, for example, by withholding needed medication from a dependent or incapacitated victim." In re Jeremiah T , 212 Ariz. at 33, 126 P.3d 177. However, the reference to a hypothetical means of committing assault under section (A)(1) does not negate that physical injury and physical force are synonymous in relation to assaults under Arizona law. Gordon , 120 Ariz. at 174, 584 P.2d 1163.
Turning to federal law, the Supreme Court in Johnson , 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1, interpreted language in the Armed Career Criminal Act very similar to that found in the crime of violence statute. See 18 U.S.C. § § 924(e)(2)(B)(i) (ACCA) ; 18 U.S.C. § 16(a) (crime of violence definition). The Court determined that "physical force" should be understood to mean "violent force-that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140, 130 S.Ct. 1265 ; accord Sessions v. Dimaya , --- U.S. ----, 138 S.Ct. 1204, 1220, 200 L.Ed.2d 549 (2018) ; Leocal v. Ashcroft , 543 U.S. 1, 10-11, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004) ; see also Arellano Hernandez v. Lynch , 831 F.3d 1127, 1131 (9th Cir. 2016) (relying on the Johnson , 559 U.S. at 140, 130 S.Ct. 1265, definition of physical force in the § 16(a) context).
We have held repeatedly "that threat and assault statutes necessarily involve the use of violent, physical force," so long as they are in the context of knowing and intentional behavior. United States v. Calvillo-Palacios , 860 F.3d 1285, 1290 (9th Cir. 2017). A defendant charged with "assault *486 resulting in bodily injury, necessarily must have committed an act of force in causing the injury." Id. (internal quotation marks omitted) (quoting United States v. Juvenile Female , 566 F.3d 943, 948 (9th Cir. 2009) ). Cases subsequent to Juvenile Female are in accord. See Cabrera-Perez , 751 F.3d at 1007 ; Arellano Hernandez , 831 F.3d at 1130-32 ; Calvillo-Palacios , 860 F.3d at 1291.[2] The "use of physical force" may not be dissociated from intentionally or knowingly causing physical injury under Ariz. Rev. Stat. § 13-1203(A).
Arizona's class one misdemeanor domestic violence assault is a crime of violence under 18 U.S.C. § 16(a) and, with the additional element of a domestic relationship, a "crime of domestic violence" for purposes of 8 U.S.C. § 1227(a)(2)(E). Therefore, Petitioner is removable due to his misdemeanor domestic violence conviction under the modified categorical approach.
PETITIONER'S PETITION FOR REVIEW IS DENIED.

See State v. Freeney , 223 Ariz. 110, 113, 219 P.3d 1039 (2006) (en banc); State v. Waller , 235 Ariz. 479, 488, 333 P.3d 806 (App. 2014) ; In re Jeremiah T. , 212 Ariz. 30, 34, 126 P.3d 177 (App. 2006).

We disagree with the amicus contention that the Calvillo-Palacios panel held that the defendant's conviction was a crime of violence "only" because he was convicted of aggravated, rather than simple, assault under Texas law. Rather, the Calvillo-Palacios panel recognized that numerous Ninth Circuit opinions support that "bodily injury entails the use of violent, physical force" in the context of assault crimes in general. See 860 F.3d at 1291-92.