
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISAI LOPEZ-PEREZ, | No. 20-73426 |
| Petitioner, | Agency No. A209-137-433 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2022**
Phoenix, Arizona

Before: O'SCANNLAIN and GRABER, Circuit Judges, and FITZWATER,***
District Judge.

Petitioner Isai Lopez-Perez seeks review of the Board of Immigration

Appeals' ("BIA") final order denying his request for cancellation of removal on the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

ground that he was convicted of a crime of domestic violence. We deny the petition because the BIA properly concluded that (1) Petitioner waived this argument by not raising it before the immigration judge and (2) in the alternative, Petitioner's crime of conviction is categorically a crime of domestic violence.

1. The BIA correctly determined that Petitioner had waived the argument that his conviction did not include a domestic violence designation under Arizona law. Petitioner raised this argument for the first time before the BIA; the BIA did not have to address it. Honcharov v. Barr, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam).

2. Alternatively, the BIA correctly determined that Petitioner's crime of conviction was a crime of domestic violence as defined by 8 U.S.C. § 1227(a)(2)(E). The record of conviction establishes that Petitioner was convicted of class one misdemeanor domestic violence assault under Arizona Revised Statutes sections 13-1203 and 13-3601(A).

We reject Petitioner's argument that the Shepard documents show that Petitioner was not convicted under Arizona Revised Statutes section 13-3601(A). The charging document, plea agreement, and judgment demonstrate that he was convicted under Arizona Revised Statutes section 13-3601(A). See Shepard v. United States, 544 U.S. 13, 16 (2005). Petitioner's crime of conviction

categorically was a crime of domestic violence. See Cornejo-Villagrana v. Whitaker, 912 F.3d 479, 486 (9th Cir. 2017) (concluding that a conviction of class one misdemeanor assault under Arizona Revised Statutes section 13-1203, when paired with the additional element of a domestic relationship, as described in Arizona Revised Statutes section 13-3601(A), is a categorical match for a "crime of domestic violence" for purposes of 8 U.S.C. § 1227(a)(2)(E)).

**PETITION DENIED.**