NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Rocael Camargo-Gomez, | No. 21-1022 |
| Petitioner, | Agency No. A071-607-068 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted April 18, 2023**
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and VRATIL,*** District Judge.

Petitioner Rocael Camargo-Gomez (Camargo-Gomez), a native and citizen of Guatemala, seeks review of the Department of Homeland Security's (DHS) decision to reinstate an order of removal against him pursuant to Section

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

241(a)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 2009-508 (codified as amended at 8 U.S.C. § 1231(a)(5)). We have jurisdiction under 8 U.S.C. § 1252(a)(1). *See Ixcot v. Holder*, 646 F.3d 1202, 1206 (9th Cir. 2011) ("We have jurisdiction to review final agency orders of removal, including reinstatement orders . . . ."). Reviewing de novo, *see id.*, we deny the petition.

DHS's predecessor agency issued the underlying removal order against Camargo-Gomez in 1992, approximately five years before the IIRIRA took effect in 1997. *See* IIRIRA, § 309(a), 110 Stat. 3009–625. Camargo-Gomez applied for adjustment of status in 1996 based on his marriage to a U.S. citizen. DHS denied his application in 2005 because Camargo-Gomez had been convicted of distributing more than 30 grams of marijuana, making him statutorily ineligible for admission to the United States. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). Camargo-Gomez divorced his U.S.-citizen spouse in 2007.

In 2018, a California court vacated Camargo-Gomez's marijuana conviction. He then re-applied for adjustment of status, this time based on his relationship with his U.S.-citizen daughter who had just turned twenty-one. *See* 8 U.S.C. § 1151(b)(2)(A)(i). DHS denied his application for adjustment of status in 2021 because he reentered the United States without authorization before the consent-to-reapply period had elapsed. *See* 8 C.F.R. § 212.2(a); 47 Fed. Reg. 44233, 44233 (1982). He does not challenge the merits of that

2

decision.

Camargo-Gomez argues that DHS's reinstatement of the removal order is an impermissibly retroactive application of the IIRIRA because he applied for discretionary relief prior to its effective date. *See Ixcot*, 646 F.3d at 1204. "[W]e analyze retroactivity claims by assessing whether the application would (1) create 'new consequences [for] past acts' or (2) 'cancel[] vested rights.'" *Ortega v. Holder*, 747 F.3d 1133, 1134 (9th Cir. 2014) (alteration in original) (quoting *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 44 n.10 (2006)). The IIRIRA did not impose new duties or increase Camargo-Gomez's liability for past conduct. *See Fernandez-Vargas*, 548 U.S. at 44. The only question is whether the IIRIRA took away or impaired "vested rights" Camargo-Gomez acquired before its enactment. *See id.* at 37.

DHS's reinstatement of the removal order did not impair Camargo-Gomez's pre-IIRIRA rights. DHS denied Camargo-Gomez's 1996 application for adjustment of status because his criminal conviction made him ineligible. That fact distinguishes *Ixcot*, where we held that DHS could not reinstate a removal order without adjudicating a pending, pre-IIRIRA asylum application. *See Ixcot*, 646 F.3d at 1205, 1213 n.15. Camargo-Gomez's second, 2018 application for adjustment was not based on any pre-IIRIRA vested right. Unlike his 1996 application, which was based on his relationship with his wife, his 2018 application was based on his relationship with his daughter. His relationship with his daughter did not make him eligible to apply for adjustment

of status until she turned twenty-one in 2018. *See* 8 U.S.C. § 1151(b)(2)(A)(i). Camargo-Gomez's second application was thus based on rights that vested long after the IIRIRA took effect.

**PETITION DENIED.**[1]

---

[1] Petitioner's motion for a stay of removal, is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.