**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Armando De La Torre-Espinoza, | No. 21-963 |
| Petitioner, | Agency No.     A201-153-992 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2023**
Phoenix, Arizona

Before: TALLMAN, OWENS, BADE, Circuit Judges.

Armando De La Torre-Espinoza seeks review of an order of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ)

denying his application for cancellation of removal.  We have jurisdiction under

8 U.S.C § 1252(a)(1), and we deny the petition.

1. The BIA did not err in finding Petitioner ineligible for cancellation of

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal because he had previously been convicted of a crime of domestic violence. *See* 8 U.S.C. § 1229b(b)(1)(C); 8 U.S.C. § 1227(a)(2)(E)(i). Petitioner pled guilty to domestic violence assault under Ariz. Rev. Stat. §§ 13-3601 and 13-1203(A)(1), resulting in a class one misdemeanor conviction. Under A.R.S. § 13-1203(B) a class one misdemeanor involves "intentionally or knowingly" causing any physical injury to another person. In *Cornejo-Villagrana v. Whitaker*, 912 F.3d 479, 486 (9th Cir. 2017), we held that "Arizona's class one misdemeanor domestic violence assault is . . . a 'crime of domestic violence' for purposes of 8 U.S.C. § 1227(a)(2)(E)."

Petitioner's citations to *United States v. Orona*, 923 F.3d 1197 (9th Cir. 2019), *vacated and dismissed by* 987 F.3d 892, 893 (9th Cir. 2021), and *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021) (concerning only offenses with a mens rea of recklessness), are inapposite. Finally, Petitioner's argument that § 13-1203(A)(1) is indivisible is premised upon a fundamentally incorrect statement of law: that statutorily enumerated mens rea are "not elements" of the underlying crime. *See, e.g.*, *Staples v. United States*, 511 U.S. 600, 605-06 (1994) (discussing the traditional rule that mens rea is a necessary element of every crime). As such, we reject it.

Petitioner is therefore ineligible for cancellation of removal due to his misdemeanor domestic violence conviction. *See Cornejo-Villagrana*, 912 F.3d at 486.

2. The BIA properly concluded that Petitioner's due process rights were

2

not violated when his hearing was moved from April 5, 2021, to May 28, 2019. Petitioner retracted his objection to the change in date after the IJ admitted his late submission of 586 pages of evidence. And Petitioner has not demonstrated he was prejudiced by the timing of his hearing given that his removal proceedings were initiated in 2011 and he was granted numerous continuances over the lengthy course of these proceedings.

**PETITION DENIED.**