NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEONARDO CALZADA ZUNIGA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1291

Agency No.
A213-018-423

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023[**]
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and KENNELLY, District
Judge.[***]

Leonardo Calzada Zuniga ("Calzada"), a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("BIA") order affirming the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Immigration Judge's ("IJ") denial of withholding of removal and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  Because the BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we "review the IJ's decision directly." *Cornejo-Villagrana v. Whitaker*, 912 F.3d 479, 482 (9th Cir. 2017).  Reviewing the IJ's factual findings for substantial evidence and its legal conclusions de novo, *id.*, we deny the petition.

1. Calzada argues that the IJ erred in finding that he had not established a well-founded fear of future persecution based on imputed political opinion.  But Calzada failed to present direct or indirect evidence that he would be persecuted because of an imputed viewpoint sufficient to compel a contrary conclusion.  *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1032 (9th Cir. 2014) (as amended).  At his immigration hearing, Calzada admitted that he had never expressed anti-cartel sentiments, nor had he been involved in political activities in Mexico.  And a "general aversion to gangs," without more, "does not constitute a political opinion" sufficient to justify withholding of removal.  *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013).[1]

---

[1] Calzada argues in the alternative that his family's past persecution could be imputed to him.  But this argument was not exhausted before the BIA and is thus not properly before us on review.  *See* 8 U.S.C. § 1252(d)(1).

2. Calzada argues that the IJ erred in denying his request for relief under CAT. But his "generalized evidence of violence and crime in Mexico" is insufficient to establish that it is "more likely than not" that he would be tortured by or with the acquiescence of a government official if he were to return. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITION DENIED.**