NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR SALINAS, | No. 22-2074 |
| Petitioner, | Agency No. A206-412-168 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2024[**]
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.

Victor Salinas, a native and citizen of Mexico, seeks review of the Board of

Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ")

denial of withholding of removal and relief under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA adopted and affirmed the IJ's decision with respect to withholding of removal, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we "review the IJ's decision directly." *Cornejo-Villagrana v. Whitaker*, 912 F.3d 479, 482 (9th Cir. 2017). But "we review the BIA's decision" regarding relief under CAT "[b]ecause the BIA did not cite *Burbano* in affirming the IJ's determinations" on that issue. *Id.* "We review the denial of . . . withholding of removal and CAT claims for substantial evidence," and "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition.

1. Substantial evidence supports the IJ's denial of withholding of removal. Salinas claims membership in a family-based particular social group. But Salinas concedes that the gangs that harmed his family members were motivated by money, and that he fears returning to Mexico only because the gangs may believe he is wealthy—not because of his family ties. And his proposed particular social group of "males (48 or older) who have lived in the United States for over 27 years, acculturated, and [are] returning to Mexico after such a lengthy stay" is too broad to be legally cognizable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010) (rejecting proposed particular social group of "Mexicans returning home from the United States"); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29

(9th Cir. 2016) (rejecting proposed particular social group of "imputed wealthy Americans"). Because his fear of future harm lacks a nexus to a statutorily protected ground, Salinas's withholding of removal claim fails.

2. Substantial evidence likewise supports the BIA's denial of CAT relief. Salinas's evidence of crimes against extended family members and police corruption in Mexico, without more, is insufficient to establish a particularized threat that he will be tortured by or with the acquiescence of a government official. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022) (as amended) (requiring petitioner to show "that he, *in particular*, would more likely than not face torture with government consent or acquiescence upon his return to Mexico"). Nothing in the record compels a contrary result.

**PETITION DENIED.**