NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JUAN ALVARO VALENCIA-HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-539 <br><br> Agency No. <br> A206-698-483 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2024**
Pasadena, California

Before: FORREST and BUMATAY, Circuit Judges, and DONATO, District Judge.***

Juan Alvaro Valencia-Hernandez, native and citizen of El Salvador, seeks

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his request for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence and legal conclusions de novo. *Cornejo-Villagrana v. Whitaker*, 912 F.3d 479, 482 (9th Cir. 2017). We deny the petition.

1. Before the BIA, Valencia-Hernandez did not challenge the IJ's conclusion that he was ineligible for asylum because he failed to demonstrate that Salvadoran officials would be unable or unwilling to protect him from MS-13 gang violence. Nor does he challenge in this appeal the BIA's conclusion that he waived this issue. Thus, Valencia-Hernandez failed to exhaust the challenge that he now raises. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies); *Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019) ("Petitioner will . . . be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." (citation omitted)). Although the Supreme Court has held the exhaustion requirement is not jurisdictional, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023), we have held it remains a mandatory claims-processing rule when properly raised, *see Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). This issue is dispositive and alone is grounds for denying Valencia-Hernandez's request for asylum and withholding of removal. *See Rahimzadeh v. Holder*, 613 F.3d 916, 920

(9th Cir. 2010) ("[T]he applicant [must] show that abuse was committed by the government or forces the government is either unable or unwilling to control." (simplified)).

2.       Valencia-Hernandez argues that the BIA erred in affirming the IJ's conclusion that Salvadoran officials would not acquiesce to any possible future harm.  As a threshold matter, to qualify for relief under CAT, Valencia-Hernandez had to establish "that it is more likely than not that [he] would be tortured if removed to [El Salvador]."  *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (simplified); 8 C.F.R. § 1208.16(c)(2).  The BIA upheld the IJ's denial of CAT protection because Valencia-Hernandez did not establish a clear probability of torture in El Salvador.   Valencia-Hernandez does not argue or cite evidence challenging the conclusion that he did not establish a risk of future torture.  Thus, any challenge to this dispositive finding is waived, dooming Valencia-Hernandez's request for CAT protection.  *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008) (holding petitioner waived his CAT claim because he advanced no arguments in support of the claim on appeal).

**PETITION DENIED.**