NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACINTA CARRILLO DE
MATIAS; DENIS OMAR MATIAS-
CARRILLO; JONATHAN ALEXANDER
MATIAS-CARRILLO; LEIDY MATIAS-
CARRILLO,

                    Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

                    Respondent.

No. 23-3186

Agency Nos.
A220-489-680A220-489-681A220-
489-682A220-589-683

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2024**
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Petitioner Jacinta Carrillo De Matias and her three children seek review of a

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

decision by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and adopts and affirms the IJ's order in its entirety, "we review the IJ's decision directly." *Cornejo-Villagrana v. Whitaker*, 912 F.3d 479, 482 (9th Cir. 2017). Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1. Substantial evidence supports the agency's finding that Petitioner is not eligible for asylum or withholding of removal. Assuming Petitioner is part of a particular social group and has a protected identity, "[t]he lack of a nexus to a protected ground is dispositive of [Petitioner's] . . . claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).[2] The BIA adopted the IJ's finding that Luis

---

[1] Petitioner and her children each filed an individual asylum application, and Petitioner identified her children as derivative beneficiaries on her application. *See* 8 U.S.C. § 1158(b)(3)(A).

[2] Where, as here, the petitioner fails to establish any nexus between the claimed persecution and a protected ground, there is no distinction between the "one central reason" requirement for an asylum claim and "a reason" requirement for a withholding of removal claim. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010); *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021).

did not harm Petitioner on account of any statutorily protected characteristic. Record evidence concerning the history of the relationship between Luis and Petitioner, Luis's statements to Petitioner, and Luis's behavior toward Petitioner and others supports this determination. On appeal, Petitioner does not identify any evidence indicating the contrary. Substantial evidence supports the IJ's conclusion that Luis was motivated to harm Petitioner because he was angry that she was pregnant and questioned the paternity of their son, and that he was motivated to threaten Petitioner because she left him and married another man. These motivations and the actions they instigated were disturbing and cruel, but they do not demonstrate that Petitioner was "individually targeted on account of a protected ground." *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021). Therefore, the IJ did not err in finding that Petitioner did not demonstrate a nexus between her past harm and a protected ground.

2.      Failure to establish a nexus for past harm does not preclude a petitioner from establishing a nexus with respect to likely future harm. *See, e.g.*, *Regalado-Escobar v. Holder*, 717 F.3d 724, 729–30 (9th Cir. 2013). On appeal Petitioner contends that the IJ "ignored" record evidence in its future harm determination. This is not so. The IJ drew on its past harm analysis to find that Petitioner's fear of future harm, similarly, does not bear a nexus to a protected ground. Substantial evidence supports this conclusion. *See Flores Molina*, 37

F.4th at 632. Furthermore, Petitioner failed to exhaust her disfavored group analysis argument. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416–18, 421 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Accordingly, we deny the petition.[3]

**PETITION DENIED.**

---

[3] Petitioner forfeited her claim for protection under CAT by not challenging the agency's independently dispositive past-torture, individualized risk of future torture, and requisite government action assessments. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (establishing the elements of CAT relief); *Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) (noting that a petitioner forfeits "issues not raised in the opening brief").

23-3186