**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN ALBERTO CASTILLO-LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1796 <br><br> Agency No. A095-108-010 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2024**
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Ivan Alberto Castillo-Lopez, a native and citizen of Mexico, petitions for

review of two decisions of the Board of Immigration Appeals ("BIA") dismissing

appeals from orders issued by an Immigration Judge ("IJ") denying cancellation of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petitions.

1. A nonpermanent resident convicted of a "crime of domestic violence" is ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(E)(i). In 2012, Castillo-Lopez was convicted of attempted aggravated domestic violence, a class-one misdemeanor, in violation of Arizona Revised Statutes ("A.R.S.") §§ 13-1601.02 (aggravated domestic violence), 13-3601 (definition of domestic violence), 13-1203(A)(1) (assault), and 13-1001 (attempt). Under the modified categorical approach, class-one misdemeanor assault in violation of A.R.S. § 13-1203(A)(1) is a "crime of violence" under 8 U.S.C. § 1227(a)(2)(E)(i). *Cornejo-Villagrana v. Whitaker*, 912 F.3d 479, 486 (9th Cir. 2017).

Castillo-Lopez argues that his conviction is not a generic domestic violence offense, contending that the Arizona definition of "domestic violence" is broader than the corresponding definition in the Immigration and Nationality Act. However, the relationships covered by Arizona's aggravated domestic violence statute are "coextensive with the domestic relationships described in 8 U.S.C. §

---

[1] The IJ also denied Castillo-Lopez's application for asylum, a decision not challenged in these petitions for review.

1227(a)(2)(E)(i)" because the federal statute expressly incorporates state law. *Cornejo-Villagrana*, 912 F.3d at 483; *see also Carrillo v. Holder*, 781 F.3d 1155, 1159 (9th Cir. 2015).

2.     We review the denial of withholding and CAT protection for substantial evidence, *see Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021), and must uphold them "unless the evidence compels a contrary conclusion," *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). A withholding applicant must demonstrate that his "life or freedom would be threatened" in his home country because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

Castillo-Lopez asserted a fear of future persecution based on his family membership. After Castillo-Lopez's brother was deported from the United States to Mexico in 2007, he was shot and killed in Guadalajara in 2015. Castillo-Lopez's brother-in-law, who was deported from the United States in 2009, went missing in Mexico in 2009 or 2010, along with his brother-in-law's uncle. Castillo-Lopez stated that cartels were behind his brother's shooting because they are "killing everybody in Mexico" and "assumed" cartels had kidnapped his brother-in-law. However, he could not provide concrete details about his brother's death or his brother-in-law's disappearance.

When asked whether there was "any particular reason" his family would be targeted by cartels, Castillo-Lopez said "no." And, when asked why his brother's death made him afraid to return to Mexico, Castillo-Lopez testified, "it's been 25 years," "I haven't been over there," "I don't know the lifestyle over there," "I'm afraid of going back to Mexico because my kids," and "there's a lot of things going on in Mexico." On this record, the IJ concluded that Castillo-Lopez fears "a generalized increase in violence" attributable to drug cartels, not persecution on a protected ground. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1022 (9th Cir. 2023) (finding no nexus to a protected ground where petitioner feared "general violence and criminal activity"). The record does not compel a contrary conclusion.[2]

3.      An applicant seeking CAT protection must show a probability of torture by or with the "'acquiescence of a public official or other person acting in an official capacity.'" *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (quoting 8 C.F.R. § 208.18(a)(1)) (emphasis removed). Castillo-Lopez offered only country condition reports documenting violence and government corruption in Mexico. Although the IJ acknowledged that "sporadic instances of torture occur in Mexico," substantial

---

[2]      Castillo-Lopez's second proposed particular social group of Mexicans "returning from the United States" and perceived to have "lots of money" is foreclosed by this Court's precedent. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that imputed wealthy Americans "is not a discrete class of persons recognized by society as a particular social group" in Mexico).

evidence supports his finding that Castillo did not demonstrate it was probable he would be tortured with the acquiescence of the Mexican government.

**PETITIONS FOR REVIEW DENIED**.