**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GILMO ELI MELGAR-AYALA,

           Petitioner,

v.

PAMELA BONDI, Attorney General,

           Respondent.

No. 24-4032

Agency No.
A201-223-271

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
San Francisco, California

Before: GOULD, OWENS, and BUMATAY, Circuit Judges.

Petitioner Gilmo Eli Melgar-Ayala, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his motion to continue and applications for withholding of removal and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). With respect to the denial of withholding of removal and CAT protection, the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and adopted and affirmed the IJ's decision in its entirety, so we review the IJ's decision directly. *Cornejo-Villagrana v. Whitaker*, 912 F.3d 479, 482 (9th Cir. 2017). With respect to the denial of the motion to continue, we review the BIA's decision except to the extent that the BIA incorporated the IJ's decision. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review the agency's findings of fact for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). We review the denial of a motion to continue for abuse of discretion. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). We deny the petition.

1. Substantial evidence supports the BIA's denial of withholding of removal. To be eligible for withholding of removal, Melgar-Ayala must demonstrate that his "life or freedom would be threatened in [El Salvador] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Under this test, a petitioner "must establish a nexus between the persecution and a protected ground." *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1040 (9th Cir. 2024). A petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Melgar-

Ayala's offered protected ground is his membership in a social group defined as those with a "family member who resisted guerilla recruitment during the war." But when asked by the IJ to identify the basis for his fear of removal to El Salvador, Melgar-Ayala identified only general insecurity, gang violence, and the country's lack of economic opportunity. Further, Melgar-Ayala was unable to identify any harm experienced by his mother or siblings living in El Salvador, and he stated that his father had visited El Salvador several times in recent years without incident. Because a fear of generalized violence bears no nexus to a protected ground, the BIA had a well-substantiated basis for denying Melgar-Ayala's application for withholding of removal.

2.  We similarly hold that substantial evidence supported the BIA's denial of protection under CAT. To be eligible for relief under CAT, an applicant bears the burden of establishing that he "'is more likely than not to be tortured,' either 'by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078–79 (9th Cir. 2015) (quoting 8 C.F.R. §§ 1208.17(a), 1208.18(a)(1)). "[T]orture is more severe than persecution." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005). As with withholding of removal, "generalized evidence of violence and crime . . . is insufficient to meet this standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Thus, the same failure to identify a

particularized fear of harm that supported the BIA's denial of withholding of removal also supports the BIA's denial of CAT relief.

3. The IJ did not abuse its discretion in denying Melgar-Ayala's motion for a continuance. When reviewing for abuse of discretion, our court will only reverse if the decision is "arbitrary, irrational, or contrary to law." *Ayanian v. Garland*, 64 F.4th 1074, 1080 (9th Cir. 2023) (simplified). On the date of his merits hearing, Melgar-Ayala moved for a continuance to provide him an opportunity to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1) under new precedent. An IJ may only grant a continuance "for good cause shown." 8 C.F.R. § 1003.29. The IJ identified multiple bases for denying the motion which together adequately demonstrate the absence of good cause. First, Melgar-Ayala did not seek the continuance until the day of his hearing even though the new precedent he relies on had been published months prior to the hearing and he had been represented by counsel for six years. Second, Melgar-Ayala failed to present a completed cancellation of removal application or any evidence of his eligibility for such relief. For these reasons, the IJ did not abuse its discretion in denying the motion to continue.

4. The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED**.