**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERVIN FELIPE GONZALEZ-LOPEZ, | No. 20-70638 |
| Petitioner, | Agency No. A202-162-042 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2026**
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Ervin Felipe Gonzalez-Lopez, a native and citizen of Guatemala, petitions

for review of a decision of the Board of Immigration Appeals dismissing his appeal

of an immigration judge's order denying his applications for asylum, withholding

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Where, as here, the Board adopts and affirms the immigration judge's decision in its entirety and cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review the immigration judge's decision. *See Cornejo-Villagrana v. Whitaker*, 912 F.3d 479, 482 (9th Cir. 2017). We review legal determinations de novo and factual determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

a.      Substantial evidence supports the agency's nexus determination on Gonzalez-Lopez's asylum claim. The agency reasonably determined that the sexual advances and gang recruitment attempts that Gonzalez-Lopez resisted in Guatemala were "more akin to generalized criminal activity and harassment than persecution" and that Gonzalez-Lopez had shown only a fear of "general violence" in Guatemala. A "desire to be free from harassment by criminals motivated by theft or random violence by gang members," however, "bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Because the record does not compel a contrary nexus finding, the agency permissibly denied Gonzalez-Lopez's asylum claim. *See Plancarte Sauceda v. Garland*, 23

---

[1] Gonzalez-Lopez seeks review of the agency's denials of his applications for asylum and CAT protection but not its denial of his application for withholding of removal.

F.4th 824, 831 (9th Cir. 2022).

b.      Substantial evidence supports the agency's determination that Gonzalez-Lopez is ineligible for CAT protection. Gonzalez-Lopez does not challenge the agency's finding that his past harm does not amount to torture. He argues instead that "rampant corruption" and "pervasive societal crime and violence" in Guatemala put him at risk of future torture. Yet as Gonzalez-Lopez testified, Guatemala has taken steps to combat gang violence. And a "government does not 'acquiesce' to torture where the government actively, albeit not entirely successfully, combats the illegal activities." *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam).

2.      The Board did not err in denying Gonzalez-Lopez's motion to terminate removal proceedings for lack of jurisdiction in light of *Pereira v. Sessions*, 585 U.S. 198 (2018). *Pereira* "was not in any way concerned with the Immigration Court's jurisdiction," but rather, "considered what information a notice to appear must contain to trigger the stop-time rule" for purposes of cancellation of removal. *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.

20-70638